PINE BLUFF WATER CO. *v.* SEWER DISTRICT.

Opinion delivered May 16, 1891.

*Sewer district—Authority of commissioners.*

> The object of the organization of a sewer district, and the authority of its board of commissioners, being limited to the construction of sewers and to paying for the same, the commissioners have no authority to bind themselves as a board, or the sewer district, for water furnished for flushing sewers in the district.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*U. M. & G. B. Rose* and *Bell & Bridges* for appellant.

The water was not furnished to the city, but to the sewer commissioners. The sewers had not been turned over to the city. The commissioners could not claim the benefit of a contract to which they were not parties. 1 Whart. Cont. sec. 507 ; 2 *id.* sec. 784.

*N. T. White* for appellee.

Appellant agreed with the city to furnish water for flushing sewers, and has received pay for that service in the rent charged for fire hydrants. It does not matter whether the water was furnished by flush tanks or through hose and a fire nozzle, so long as no additional burden was imposed. Am. & Eng. Enc. Law, 3d vol. p. 863, and notes ; 1 Parsons on Cont. 466-7-8 ; 49 Ark. 464 ; 31 *id.* 411 ; 31 *id.* 155 ; 46 *id.* 136.

BATTLE, J.   This was an action instituted by the Pine Bluff Water & Light Company against Sewer District No. 1, in the City of Pine Bluff, and the commissioners of the district, to recover the sum of $900 for water furnished the district for flushing sewers. The

district sued was organized about the month of November, 1888, for the purpose of constructing sewers. Its object and the authority of its board of improvement, or commissioners, were limited to the construction of sewers and paying for the same. The board had no authority to enter into any contract, except such as were in the scope of said authority. When the sewers were completed, they became subject to the control of the City of Pine Bluff, and the board of the sewer district no longer had lawful control over them. They had no authority to contract or bind themselves as a board or the sewer district for water furnished for flushing the sewers in the district. Mansfield's Digest, secs. 825, 895 ; *Martin v. Hilb*, 53 Ark. 300.

Judgment affirmed.

Hemingway, J., did not sit in this case.