PULASKI GAS LIGHT COMPANY *v.* REMMEL.

Opinion delivered January 23, 1911.

IMPROVEMENT DISTRICT—AUTHORITY OF COMMISSIONERS OVER STREETS.— Where an improvement district in a city was organized for the purpose of improving a street, the board of commissioners acquired no control over the street except for the purpose of making the improvement, and when that object was accomplished the street became subject to the exclusive control of the city.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

### STATEMENT BY THE COURT.

H. L. Remmel, Morris M. Cohn and Guy E. Thompson, commissioners composing the Board of Street Improvement, District No. 120, in the city of Little Rock, instituted this action against the Pulaski Gas Light Company to restrain it from excavating Main Street at its intersection with Twenty-first Street, for the purpose of laying a supply pipe for natural gas. The cause was heard upon an agreed statement of facts, which is substantially as follows:

Improvement District No. 120 was organized for the purpose of paving Main Street in the city of Little Rock, from Eighth to Twenty-fourth streets. A contract was made by the commissioners of the district with J. McCoppin to make the improvement. McCoppin gave a bond to the commissioners conditioned that he would maintain the street in good condition and replace any defective work or material for a period of five years from 1908. The contractor finished the improvement in June, 1909, and the commissioners accepted the same.

The Pulaski Gas Light Company is a corporation duly organized under the laws of the State of Arkansas, and on the 23d day of May, 1887, made a contract with and received a franchase from the city of Little Rock to supply it and its inhabitants with gas for illuminating and other purposes, which contract, according to the agreed statement of facts, is now in full farce. In the contract the gas company is given the privilege of laying, extending and repairing its gas pipes, and for that purpose to dig and excavate the streets of the city, provided the company shall, in a reasonable time after so doing, put the streets in as good condition as they were in before such excavations were made; and the company is required to execute a bond annually to the city conditioned for the faithful performance of this part of its contract.

On the 10th day of January, 1910, the city made another contract with the gas company to supply the city and its inhabitants with natural gas. In order to comply with its contract it became necessary for the gas company to lay larger supply pipes and for this purpose, in July, 1910, it applied to the city for permission to dig and excavate across Main Street at its intersection with Twenty-third Street. The council granted it this permission, but required it to employ the same contractor who laid the pavement on Main Street, which the gas company has done. The members of the board of commissioners of Improvement District No. 120 demanded that the gas company should execute in their favor a bond for $300 conditioned that said company would do the work with all reasonable dispatch and replace the same in as good condition as it was before the excavation. The gas company refused to execute the bond, hence this suit.

The chancellor entered a decree enjoining the gas company from proceeding with the work unless it gave the bond demanded by the commissioners. The gas company, the defendant in the action, has duly prosecuted an appeal to this court.

*Eben W. Kimball,* for appellant.

1. Appellant had already executed a bond to the city to repair the street and make it in as good condition after the excavation was made as it was in before. On this bond suit could be maintained if necessity therefor should arise, and there is no necessity for any other bond. Equity does not require useless things to be done. The commissioners have no control over the street after the improvement is finished. The bond exacted by them of the contractor, conditioned that *he* will maintain the street in good condition and replace any defective work or material for a period of five years, does not extend their control over the street. The board had no right to exact a bond to maintain the street in the sense of repairing it for five years, but only to replace any defective work or material done or furnished by him. *Webster* v. *Ferguson,* 95 Ark. 575; 89 Minn. 292; 94 N. W. 870. The commission has no greater power than that conferred upon them by the ordinance creating the commission pursuant to the petition of the property owners, and this power is to be strictly construed. 55 Ark. 148-155; 59 Ark. 344, 355.

2. The contract between the city and appellant antedates the statute by nearly two years. Under the contract the right to excavate and lay its pipes became a vested right, and no subsequent ordinance could change it. 47 Am. St. Rep. 183 and notes; 140 Ind. 107; 4 Wheaton, 518; 150 Ill. 92; 36 N. E. 994; 103 Mich. 283; 61 N. W. 526.

*J. W. Blackwood,* for appellee.

As between the city and the board of commissioners, the latter has control or possession of the improvement made by it until it has performed its duties, made final report and turned the improvement over to the city. The city has power to farm out part of its authority over the streets, to delegate to improvement boards the rights and powers of the city. Kirby's Dig., § § 5664 *et seq.,* 5718, 5715, 5719-20, 5740. These improvement districts are not mere agents of the city to carry out duties primarily

resting upon municipalities.   42 Ark. 161; 55 Ark. 157; '71 Ark. 11.

HART, J., (after stating the facts).   The decision of the chancellor was wrong.   By the general provisions of our statutes granting and prescribing the powers of municipal corporations, they are given the control over the streets within the corporate limits of the municipality.   Kirby's Digest, § § 5438, 5456 and 5648.

In the case of *Hughes* v. *Arkansas & Oklahoma Rd. Co.,* 74 Ark. 194, the court said: "In *Fitzgerald* v. *Saxton,* 58 Ark. 494, this court held that where municipal corporation limits are extended the jurisdiction and control of the county over highways in such territory is determined, and the city immediately becomes possessed of the same.   The control in the easement for the public in streets and alleys is in the town, just as the easement in county highways is in the county."

The improvement district was organized for the purpose of paving Main Street from Eighth to Twenty-fourth Street. The board of improvement commissioners acquired no control over the street except for the purpose of making the improvement.   When that object was accomplished, the street became subject to the control of the city, and the board of commissioners no longer had control over it. *Pine Bluff Water Co.* v. *Sewer District,* 56 Ark. 205.   The city gave the gas company permission to dig and excavate across Main Street and imposed such conditions and restrictions as it deemed necessary.   The board of commissioners no longer having any physical control over the street because the improvement had been completed and the work accepted, its members had no right or authority to impose any conditions upon the gas company as a prerequisite to it laying its supply pipes across the street.

It follows that the decree must be reversed, and the cause remanded with directions to the chancellor to dismiss the complaint for want of equity.