## LEWIS v. RIEFF.

### Opinion delivered October 12, 1914.

1. IMPROVEMENT DISTRICTS—POWERS AND LIMITATIONS.—Improvement districts are governmental agencies or *quasi*-corporations with certain powers and duties of a public nature and can only exercise the functions which the statutes have expressly conferred upon them.

2. IMPROVEMENT DISTRICTS—ESTABLISHING AN ALLEY—POWER OF MUNICIPAL CORPORATION.—A municipal corporation is without power to organize an improvement district in a city for the purpose of opening, establishing and creating an alley through property when no alley has ever been opened, dedicated or provided for.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau*, Chancellor; reversed.

*Mehaffy, Reid & Mehaffy,* for appellant.

The power to lay off and open streets and alleys has been given by the Legislature to municipal corporations alone. Kirby's Dig., § § 5664, 5665. An improvement

district is not a municipal corporation, nor the agent of the municipal corporation within which it is organized. 55 Ark. 148.

Statutes conferring the power to open streets and alleys must be strictly construed. If improvement districts can open alleys under our law, they can open streets. This is clearly not intended by the Legislature. 103 Ark. 529.

The power of the board of improvement in this case is expressly limited by the statute which provides that "all such improvements shall be made with reference to the grades of streets and alleys as fixed, or may be fixed, by the ordinances of said city." Kirby's Dig., § 5672.

The district has "no powers, duties or liabilities except as conferred expressly by statute." 94 Ark. 381, 382.

*Carmichael, Brooks, Powers & Rector,* for appellee.

We think the right of property owners to organize an improvement district for the purpose of opening an alley through city property in which their lots are situated, is clearly conferred by the statute. Kirby's Dig., § 5664. This act not only specifically authorizes the "grading or otherwise improving streets and alleys," but also confers authority for "making any local improvement of a public nature," and this broad authority has been fully sustained by the courts. 67 Ark. 36; 70 Ark. 541.

The only limitation on the creation of an improvement district for any purpose is that the improvement shall be of a *public nature,* for *public use.* Dillon, Mun. Corp. (4 ed.), § 959; 3 *Id.* (5 ed.), § 1031; 1 Paige & Jones on Assessments, § 321.

KIRBY, J. The only question presented by this appeal, for determination, is whether an improvement district can be organized in a city for opening, establishing and creating an alley through property where no alley has ever been opened, dedicated or provided for.

Section 5664, Kirby's Digest, provides, "The council of any city of the first or second class of any incorporated town may assess all real property within such city or

within any district thereof, for the purpose of grading or otherwise improving streets and alleys, constructing sewers or making any local improvement of a public nature in the manner hereinafter set forth.". Section 5672 authorizes the board of improvement to form plans for the improvement within the district and prescribe estimates for the cost thereof, "but all such improvements shall be made with reference to the grade of streets and alleys that may be fixed by the ordinances of said city."

Said section 5664 authorizes the formation of improvement districts, "for the purpose of grading or otherwise improving streets and alleys, constructing sewers or making any local improvement of a public nature, etc., and the appellee insists that an alley is a local improvement of a public nature within the meaning of the statute. The statute, however, provides a restriction and limits the purposes for which districts may be formed to "grading or otherwise improving streets and alleys," evidently referring to streets and alleys already opened, dedicated or provided for. This view is confirmed by the statutes providing a different agency and giving the municipalities themselves the power for opening and establishing streets and alleys. Section 5456 and subdiv. 2, sections 5593, 5648, Kirby's Digest.

(1) It was not the purpose of the law to give two separate agencies power to open and establish streets and alleys, or to have control and supervision of them, as held in *Sanderson* v. *Texarkana,* 103 Ark. 529, and the power has been expressly given to the municipality and can not be delegated by it to a different agency. Improvement districts are governmental agencies or *quasi*-corporations with certain powers and duties of a public nature, and can only exercise the functions which the statutes have expressly conferred upon them. In *Board Imp. Sewer District* v. *Moreland,* 94 Ark. 381, the court said: "The effect of our former decision on the subject of improvement districts organized within the limits of cities and towns, and of fencing, drainage and levee districts, is to make them governmental

agencies, or public *quasi*-corporations, which are 'purely auxiliaries to the State, and have no powers, duties or liabilities except as conferred expressly by statute.'" They are neither municipal corporations nor agents of the municipal corporations within which they are organized, but they derive their powers directly from the Legislature, and in exercising them, act as the agent of the property owners. *Fitzgerald* v. *Walker*, 55 Ark. 157. They have no control over the streets and alleys of the municipality except for the purpose of making the improvement for which the district was organized, and this being accomplished, the street or alley becomes subject to the exclusive control of the municipality. *Pulaski Gas Light Co.* v. *Remmel*, 97 Ark. 318. Improvement districts are given the power to exercise eminent domain in furtherance of the purpose of their organization. Sections 2921-2925, Kirby's Digest.

(2) It is true, as contended by appellee, that this court has held that an improvement district can be created in a city for the purpose of acquiring and improving a public park, the court saying of the statute: "The language is certainly broad enough to include any kind and class of improvement which will enhance the value of real estate of the particular district that is benefited," but the only limitation upon the making of improvements is not, as contended by appellees, that it shall be a local improvement of a public nature, for the statute expressly limits the power to organize such districts so far as streets and alleys are concerned, to the "purpose of grading or otherwise improving them," manifestly intending that they shall have already been opened, laid out, dedicated or established by competent authority. The city council was without authority to create the improvement district, and it had no authority to levy the assessment which is void against the property of the appellant.

The judgment is reversed and the cause remanded with directions to dismiss the complaint for want of equity.