WILLIAMS v. FORT SMITH.

Opinion delivered July 7, 1924.

1. MUNICIPAL CORPORATIONS—AUTHORITY OF IMPROVEMENT DISTRICT.
   —An improvement district is an agency for the purpose of
   constructing the improvement; it gains no proprietary interest
   in the street to be improved, and whatever control was given to it
   for the purpose of making the improvement ceased upon the com-
   pletion of the improvement.

2. MUNICIPAL CORPORATIONS—RIGHTS OF ABUTTING OWNER.—The
   taxpayers of an improvement district, neither as such nor as
   abutting owners, have any proprietary interest in the street or
   in the discarded materials formerly used in paving the street by
   reason of the fact that they were paid for by taxation on bene-
   fits to adjacent property.

3. MUNICIPAL CORPORATIONS—RIGHT TO USE DISCARDED PAVING
   MATERIAL.—Whether a city owns the fee or merely an easement
   in streets, its continuous control over streets carries with it
   the rights to use old discarded material paid for by taxation on
   benefits to adjacent property.

Appeal from Sebastian Chancery Court; *J. V. Bour-
land,* Chancellor; affirmed.

*W. L. Curtis,* for appellant.

The salvage from the old pavement belongs to the
abutting property owners, who paid for the original pave-
ment through the agency of an improvement district, and
not to the city. While there are no decisions directly
on the point, by analogy the following authorities sus-
tain the contention: 75 Miss. 846, 65 A. S. R. 625 (citing
many cases). As to the title and property rights of
abutting property owners on a street or highway, see
the following: 2 Ann. Cas. p. 497, par. 1; 2 Ann. Cas.
p. 594 and note. The following cases hold that a city
has no right to take earth from a street, except for grad-
ing, and same can be used only on streets forming part
of the same general plan of improvement: 78 Ind. 1;
20 Ind. App. 482; 36 Ind. 90. See also 19 Ga. 89; 58 Ga.
595; 35 Iowa 89; 24 Mich. 514. The following cases may
also be examined with profit: 37 Minn. 423; 34 Mich. 86;
125 Mich. 167; 1 N. H. 16; 24 N. H. 208; 88 N. Y. App.
Div. 192.

*George W. Dodd,* for appellee.

The powers of an improvement district are limited to the construction of the improvement, and it acquires no proprietary interest in the street. 56 Ark. 205; 97 Ark. 308; 103 Ark. 269; 105 Ark. 65. Where the city owns the fee, as in this case, it has full proprietary rights, subject to the rights of the public to free use of the street. 29 C. J., § 258; 13 R. C. L., § 159, p. 184.

McCulloch, C. J. Rogers Avenue, in the city of Fort Smith, was paved many years ago through the agency of an improvement district organized for the purpose of paving that and other streets of the city. The paving was constructed of bricks, which have about worn out, and another improvement district, known as Paving District No. 16, has been organized for the purpose of repaving Rogers Avenue with better material. Paving District No. 16 has no connection with the former district, and the boundaries of the two districts are not the same. In order to repave the district, it has become necessary to remove the old bricks. The city commissioners of Fort Smith propose to use the old bricks for the purpose of paving another street—little used—and for the paving of which the old bricks, though worn, will be sufficient.

Appellants are owners of real property abutting on a portion of Rogers Avenue which is to be repaved, and they lay claim to the old material as such abutting owners, and they instituted this action in the chancery court against the city of Fort Smith and its commissioners to recover possession of the old material or its value, and to restrain the city commissioners from appropriating it to the use of the city. The chancery court denied the relief prayed for, and an appeal has been prosecuted to this court.

We are of the opinion that the decree was correct. The old improvement district was but an agency for the purpose of constructing the improvement. The district gained no proprietary interest in the street, and whatever control was given to it for the purpose of making

the improvement ceased upon the completion of the improvement. *Pine Bluff Water Co.* v. *Sewer District,* 56 Ark. 191; *Pulaski Gas Light Co.* v. *Remmel,* 97 Ark. 318. The authority of the municipality over the street did not pass away from it on account of the authority given to the improvement district for a special purpose. *Pulaski Gas Light Co.* v. *Remmel, supra.* Neither did the taxpayers of the district, as such, or as abutting owners, gain any proprietary interest in the street or in the material used, by reason of the fact that the improvement was constructed and paid for by taxation on the benefits to adjacent property. Authorities cited by the appellant as to the rights of abutting landowners to trees, minerals or other substances in a street dedicated to public use have no application to the present case. It is immaterial whether the city owned the fee or merely an easement. The city's continuous control over the street carried with it the right to make use of discarded old material.

There is no question involved in this case of the right of abutting owners or the taxpayers in an improvement district to prevent an improvident waste of an improvement constructed with special taxes levied on the benefits to their property. It is not contended that the street does not need repaving, nor that it is a useless waste of material to tear up the old pavement and put down new. The only question raised is the bare one as to the title to the old material, and we are of the opinion that the city has the right to make use of the old material.

The decree is therefore affirmed.